IN THE SUPREME COURT OF THE STATE OF NEVADA

JACK GAAL, INDIVIDUALLY; AND
JACK'S PLACE BAR AND GRILL LLC,
Appellants,
vs.
LAS VEGAS 101 INC., A NEVADA
CORPORATION D/B/A FIRST CHOICE
BUSINESS BROKERS, LAS VEGAS
101,
Respondent.

No. 83133

FILED

SEP 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial in a contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Jack Gaal entered into an exclusive listing agreement with respondent Las Vegas 101, Inc. d/b/a First Choice Business Brokers, Las Vegas 101 (FCBB), for the sale of Jack's Place Bar and Grill. The agreement listed Jack Gaal as the seller. It also contained a provision that the FCBB's fee would become "fully earned at the time of acceptance by Seller of any type of Purchase Agreement."

Potential buyer Angel Soto contacted FCBB about the restaurant. After negotiations, Soto and Gaal entered into a purchase agreement that incorporated a counteroffer from Gaal. The agreement reflected Soto's request for several documents from Gaal, to be used for independent investigation and due diligence. After the agreement was signed, Gaal stopped communicating with FCBB and did not produce the due diligence documents. Gaal later revealed that the restaurant is owned by the John A. Gaal Family Trust, of which Jack and his wife Katherine

22-29046

Gaal are trustees. Gaal would later testify that because the trust required both trustees to sign any documents to sell any real property owned by the trust, he lacked the authority to enter into the agreements.

After Gaal ceased communicating, FCBB sued for breach of contract and breach of the implied covenant of good faith and fair dealing. The district court held a four-day bench trial and found in favor of FCBB on both claims, awarding FCBB its listing fee under the exclusive listing agreement in the amount of $100,000, prejudgment interest in the amount of $63,615.45, and attorney fees and costs in the amount of $49,110.25. Gaal now appeals the judgment, primarily arguing that the exclusive listing agreement is not valid under NRS 645.320.[1]

The district court's interpretation and construction of statutes and contracts are reviewed de novo. *Weddell v. H20, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012). Gaal contends that under NRS 645.320(4), the exclusive listing agreement needed to be signed by the John A. Gaal Family Trust, the true owner of the restaurant, to be valid. We disagree.

NRS 645.320(4) provides that an exclusive listing agreement must "[b]e signed by both the client or his or her authorized representative and the broker or his or her authorized representative in order to be enforceable." NRS 645.009 defines "[c]lient" as "a person who has entered into a brokerage agreement with a broker or a property management agreement with a broker." Thus, the plain language of the statute does not require that the agreement be signed by the *owner* to be enforceable. *See Williams v. Clark Cty. Dist. Att'y*, 118 Nev. 473, 485, 50 P.3d 536, 544 (2002) ("A statute's express definition of a term controls the construction of that

---

[1]Gaal does not challenge the award of attorney fees and costs.

 

term no matter where the term appears in the statute."); *MGM Mirage v. Nev. Ins. Guaranty Ass'n*, 125 Nev. 223, 228-29, 209 P.3d 766, 769 (2009) ("[W]hen the language of a statute is plain and unambiguous, such that is capable of only one meaning, this court should not construe that statute otherwise."). Furthermore, "owner" is defined within NRS Chapter 645 in the context of "Brokerage Agreements Involving Commercial Real Estate," not exclusive listing agreements. *See* NRS 645.8735 (defining "[o]wner" in part as "a person who holds legal title to or any interest in any commercial real estate that is described in a brokerage agreement"). "[W]hen the [L]egislature has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded." *Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 117 Nev. 835, 841, 34 P.3d 546, 550 (2001). Therefore, by excluding "owner" from NRS 645.320(4), we presume that the Legislature purposefully intended to distinguish client from owner.

Accordingly, we concluded that Gaal was a "client or his or her authorized representative" within the meaning of NRS 645.320(4). And, because the remainder of NRS 645.320's requirements for an exclusive agency agreement have been met, we further conclude that that the district court properly determined that Gaal and FCBB entered into a valid exclusive listing agreement under NRS 645.320.[2]

---

[2]In addition to arguing that the exclusive listing agreement is not valid under NRS 645.320, Gaal also contends that the exclusive listing agreement and the asset purchase agreements are not valid contracts because he did not have the authority to sign them on behalf of the trust. However, based on the clear and unambiguous language of both contracts, Gaal warranted that he had the authority to enter into the agreements, and this argument is thus without merit. *See Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. 76, 83, 482 P.3d 665, 673 (2021) (holding that

Supreme Court
OF
Nevada

(O) 1947A

Finally, "where the action is based on a listing agreement[, t]he right of the [broker] to compensation must be governed by that agreement." *Easton Bus. Opportunities, Inc. v. Town Exec. Suites-E. Marketplace, LLC*, 126 Nev. 119, 128, 230 P.3d 827, 833 (2010) (alterations in original) (internal quotation marks omitted). Here, the exclusive listing agreement clearly and unambiguously provided that FCBB was entitled to its commission "at the time of acceptance by Seller of any type of Purchase Agreement." *See Nev. State Educ. Ass'n*, 137 Nev. at 83, 482 P.3d at 673. And Gaal and Soto entered into a valid asset purchase agreement. Accordingly, we conclude that the district court properly determined that there was a breach of contract,[3] and FCBB was entitled to its commission.[4] Thus, we

---

"[t]his court initially determines whether the language of the contract is clear and unambiguous; if it is, the contract will be enforced as written." (internal quotation marks omitted)).

[3]Gaal contends that the district court did not determine that there was a breach of the covenant of good faith and fair dealing because there was not a determination of bad faith, but the district court expressly concluded that FCBB succeeded on this claim against Gaal, and we thus conclude this argument is without merit.

[4]Gaal also argues that the district court erred in refusing to allow Gene Northrup to testify at the bench trial. Having considered this argument we conclude that the district court did not abuse its discretion in excluding Northup because Gaal failed to timely disclose him. *See* NRCP 16.1(e)(3)(B) (providing that a district court may sanction an attorney by excluding evidence the attorney should have disclosed under NRCP 16.1(a)); *see also Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 265, 396 P.3d 783, 787-88 (2017) (clarifying that this exclusion is discretionary). We also conclude that the district court did not err in refusing to take judicial notice of records from the county recorder's office presented by Gaal for the first time at trial. The district court permitted Gaal the opportunity to attempt

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Nancy L. Allf, District Judge
Kristine M. Kuzemka, Settlement Judge
David J. Winterton & Associates, Ltd.
Assly Sayyar
Jones Lovelock
Rocheleau Law Group/Right Lawyers
Eighth District Court Clerk

---

to admit the records through witness testimony, and he declined to do so. *See* NRS 47.150(2) ("A judge or court shall take judicial notice if requested by a party *and supplied with the necessary information*.") (emphasis added)).

SUPREME COURT
OF
NEVADA

(O) 1947A

5